**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JUSTIN KORN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIMPLILEARN AMERICAS INC.,<br><br>Defendant. | Civil Action No.: 1:25-cv-10461-NMG |

**DEFENDANT SIMPLILEARN AMERICAS INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a), OR, ALTERNATIVELY, DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6)**

## INTRODUCTION

On May 5, 2025, Plaintiff filed his First Amended Class Action Complaint ("FAC") (Dkt. 12). Plaintiff's FAC fails to cure any of the dispositive defects in this renewed attempt to extend the reach of the Video Privacy Protection Act of 1988 ("VPPA"), 18 U.S.C. § 2710, far beyond the intended scope of the statute. As discussed below, Plaintiff's FAC suffers from the same deficiencies as his original complaint, and the Court should either transfer this action to the appropriate forum or, alternatively, dismiss the FAC for failure to state a claim.

First, pursuant to 28 U.S.C. § 1404(a), the Court should transfer this civil action to the United States District Court for the Eastern District of Texas ("E.D. Tex."), where Plaintiff should have filed it in the first place. Plaintiff agreed to Simplilearn's contractual Terms and Conditions, which include a mandatory exclusive-forum clause providing that "the courts located in Collin County shall have the exclusive jurisdiction over any matter relating to, in connection with, or

arising out of, this agreement." When he created an account with Simplilearn, Plaintiff expressly agreed to be bound by Simplilearn's Terms and Conditions, including the exclusive-forum clause, which must be enforced by the Court in accordance with governing law. Plaintiff's FAC includes no new allegations whatsoever defeating or even addressing the parties' agreed exclusive forum.

In the event that this Court declines to transfer this action, despite the contractual provision requiring the Court to do so, the Court should dismiss this action for failure to state a plausible claim under VPPA. Plaintiff's lone VPPA count in the FAC fails to state a plausible claim on multiple independent grounds, including: (1) Plaintiff's inability to allege that he is a "consumer" under the VPPA; (2) Plaintiff's failure to allege that Simplilearn disclosed Plaintiff's personally identifiable information ("PII"); and (3) Plaintiff's deficient allegations that Simplilearn disclosed PII to any third parties knowingly, with the requisite intent required by VPPA.

Accordingly, Simplilearn respectfully requests that this Honorable Court transfer this civil action to the E.D. Tex or, alternatively, dismiss Plaintiff's FAC in its entirety for failure to state a plausible claim under the VPPA pursuant to Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

### I. THE COURT SHOULD TRANSFER THIS CIVIL ACTION AGAINST SIMPLILEARN TO TEXAS FEDERAL COURT UNDER 28 U.S.C. § 1404(a).

28 U.S.C. § 1404(a) provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In the absence of an exclusive-forum provision, courts consider the following factors in assessing the relative costs/benefits of a transfer:

> the convenience of the parties, (2) the convenience of the witnesses, (3) the relative ease of access to sources of proof, (4) the availability of process to compel attendance of unwilling witnesses, (5) cost of obtaining willing witnesses, and (6) any practical problems associated with trying the case most expeditiously and inexpensively."

*Lewis v. Hill*, 683 F. Supp. 3d 137, 152–53 (D. Mass. 2023) (quoting *TargetSmart Holdings, LLC v. GHP Advisors, LLC*, 366 F. Supp. 3d 195, 218 (D. Mass. 2019)).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 (2013). "The enforcement of a valid forum-selection clause, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id.* Accordingly, "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.*; *see also Deese-Laurent v. Real Liquidity, Inc.*, 305 F. Supp. 3d 280, 283 (D. Mass. 2018) (recognizing that, "in the vast majority of cases when a forum-selection clause is included, a § 1404(a) motion to transfer will be allowed").

Once the Court has determined the parties have a valid-forum selection clause, the Court must adjust its usual § 1404(a) analysis in two respects. First, the Court may not consider arguments about the parties' relative convenience or inconvenience. *Id.* at 64 ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation . . .. As a consequence, a district court may consider arguments about public-interest factors only"). *Id.* Second, when a party bound by a forum-selection clause files suit in a different forum, a § 1404(a) motion is not governed by the original venue's choice-of-law rules. *Id.*

### A. The Forum-Selection Clause in Simplilearn's Terms and Conditions is Applicable and Enforceable.

#### 1. Plaintiff entered into an enforceable "clickwrap" agreement with Simplilearn.

To form a contract online, "the user of the online interface must have been given 'reasonable notice of the terms' of the agreement and must have made a 'reasonable manifestation

of assent to those terms.'" *Emmanuel v. Handy Techs.*, 992 F.3d 1, 7 (1st Cir. 2021) (*quoting Kauders v. Uber Techs.*, 486 Mass. 557, (2021)). The "reasonable notice" requirement is satisfied where "a party to the online contract has 'actual notice' of its terms, such as would be the case if that party had 'reviewed' those terms or 'must somehow interact with the terms before agreeing to them, or if "the totality of the circumstances indicates that the user. . . was provided with such notice of the terms." *Id.* at 7-8. The clearest manifestation of assent is the user clicking an "I agree" button, or some similar action. *Kauders*, 486 Mass. at 574.

Governing law distinguishes between two types of online agreements: "clickwrap agreements" and "browsewrap agreements." "Clickwrap agreements" require users to select a check box to indicate that they agree to a website's terms and conditions. They generally present at least a portion of the terms to the user and require express assent. As such, they are upheld as valid and enforceable. *See Bagg v. HighBeam Research, Inc*., 862 F. Supp. 2d 41, 45 (D. Mass. 2012); *see also Gaker v. Citizens Disability, LLC*, 654 F. Supp. 3d 66, 73 (D. Mass. 2023) ("Because clickwrap agreements require this express showing of intent, they are regularly enforced and are the clearest manifestations of assent"). By contrast, "browsewrap agreements" do not require the user to expressly manifest assent. Rather, the website posts its terms and conditions (typically as a hyperlink toward the bottom of the page), and the user gives his assent simply by using the website. "Browsewrap agreements" are also enforceable if they meet the two requirements of "reasonable notice" and the user's assent. *See Emmanuel*, 992 F.3d at 8 (quoting *Kauders*, 486 Mass. at 573).

Here, Plaintiff entered into an enforceable "clickwrap" agreement. By creating an account on Simplilearn's website or mobile application ("App" or "app"), Plaintiff entered into an enforceable "clickwrap" agreement, under which he is bound to bring any action in Collin County,

Texas. *See* the Declaration of Krishna Kumar attached hereto as **Exhibit A**. Specifically, to access any website content (and/or provide Simplilearn with PII), a user must create a Simplilearn account. From the landing page, simplilearn.com, the user must click "Login." *Id.* The Login page contains a message: "Don't have an account? Sign Up." *Id.* "Sign Up" is in blue font and is hyperlinked. *Id.* After clicking "Sign Up," the user is brought to another page, which permits the user to sign up using a variety of credentials (*e.g.*, email, Google, Facebook). *Id.* After the user chooses and verifies his credentials, he is directed to the "Create your account" page. *Id.* In order to finish this process and click the "Create Account" button, the user must check a box stating: "I agree to the Terms and Conditions." This process is the same for Simplilearn's mobile application (the "App"). *Id.*

The website and App clearly put Plaintiff (and other users) on notice that, by creating an account, they must agree to be bound by the Terms and Conditions. The words "Terms and Conditions," indeed, are hyperlinked, underlined, and in blue. *Id.* Significantly, a user cannot create an account without clicking the box next to "I agree to the Terms and Conditions." *Id.* In so doing, Simplilearn requires its users to make the "clearest manifestation of assent" to be bound by the Terms and Conditions. *See Gaker*, 654 F. Supp. 3d at 73; *Toth v. Everly Well, Inc.*, 118 F. 4th 403, 411-12 (1st Cir. 2024) (recognizing that "requiring users to click a box stating that they agree to a set of terms, often provided by hyperlink, before continuing to the next screen is a common method of conspicuously informing users of the existence and location of terms and conditions") (quotations omitted).

In addition, Simplilearn's Terms and Conditions govern all users' (including Plaintiff's) use of Simplilearn's website and mobile app, and their access to any of Simplilearn's Products (defined expansively to include "the services made available through the Website and the content

therein…”). (Exh. A, at Exh. 1, p. 1.) Those Terms and Conditions, moreover, include a “Governing Law and Jurisdiction” provision stating as follows:

> For Participants who are a resident of the U.S.A, this Agreement shall be governed by and construed in accordance with the Laws of Texas and the courts located in Collin County shall have the exclusive jurisdiction over any matter relating to, in connection with, or arising out of, this Agreement.

(Exh. A, at Exh. 1, p. 6.)

The bottom line is that Plaintiff entered into an online agreement with Simplilearn when he created his account, and the exclusive-forum clause is enforceable against Plaintiff. *See, e.g., Emmanuel*, 442 F. Supp. 3d at 389 (enforcing agreement where users required to click “Accept” button); *Toth*, 118 F. 4th 403, 410-414 (enforcing mandatory arbitration and forum-selection clauses where the User Agreement was hyperlinked on the account-creation page and the user had to click a checkbox affirming she had read and accepted the User Agreement before using an account); *Covino v. Spirit Airlines, Inc.* 406 F. Supp. 3d 147, 152-53 (D. Mass. 2019) (enforcing agreement where users required to check box acknowledging agreement to terms and conditions in Spirit’s contract of carriage).

**2. Simplilearn’s exclusive-forum clause is mandatory.**

“Under federal law, the threshold question in interpreting a forum selection clause is whether the clause at issue is permissive or mandatory.” *Claudio-De Leon v. Sistema Universitario Ana G. Mendez*, 775 F.3d 41, 46 (1st Cir. 2014). Permissive forum-selection clauses “authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere.” *OsComp Sys., Inc. v. Bakken Exp., LLC*, 930 F. Supp. 2d 261, 270 (D. Mass. 2013). “In contrast, mandatory forum selection clauses contain clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum.” *Id.* Terms such as “must,” “will,” “shall,” “exclusive,” and “any” are sufficient to establish that the language constitutes a mandatory forum-

selection clause. *See Id.*; *Carby's Inc. v. ECI Software Sols., Inc.*, 2021 WL 9639788, at *2 (D. Mass. June 22, 2021).

Here, Simplilearn's exclusive-forum clause is mandatory. It states that "[f]or Participants who are a resident of the U.S.A., this Agreement ***shall*** be governed by and construed in accordance with the Laws of Texas and the courts located in Collin County ***shall*** have the ***exclusive*** jurisdiction over ***any*** matter relating to, in connection with, or arising out of, this Agreement." (Exh. A, at Exh. 1, p. 6.) (emphasis supplied). Courts in the First Circuit consistently hold that clauses containing the same or similar language are mandatory. *See, e.g., Claudio-De Leon*, 775 F.3d at 46 ("it is axiomatic that the word 'shall' has a mandatory connotation"); *Carby's*, 2021 WL 9639788, at *2 ("The use of terms such as 'exclusive,' 'any,' and 'waive,' is intentional and unambiguous in specifying Dallas, Texas as the mandatory venue for disputes relating to the contract"); *Silva v. Encyclopedia Britannica Inc.*, 239 F.3d 385, 389 (1st Cir. 2001) (forum-selection clause stating "[t]his agreement shall be governed and construed by the laws of the State of Illinois and all actions involving this agreement must be brought in the State of Illinois" was mandatory). Simplilearn's forum-selection clause irrefutably mandates that venue and jurisdiction are appropriate exclusively in "the courts located in Collin County."

### 3. Plaintiff's claim under VPPA, 18 U.S.C. § 2710 falls within the scope of Simplilearn's exclusive-forum clause.

When a forum-selection clause is mandatory, the Court must then determine whether Plaintiff's claims fall within the scope of the provision. *See Claudio-De Leon*, 775 F. 3d at 47 ("it is the language of the forum selection clause itself that determines which claims fall within its scope"). Courts in the First Circuit has interpreted the term "relating to" in forum-selection clauses to be "very broad." *Bagg v. HighBeam Rsch., Inc.*, 862 F. Supp. 2d 41, 45 (D. Mass. 2012); *Huffington v. T.C. Group, LLC*, 637 F. 3d 18, 22 (1st Cir. 2011). Moreover, tort and statutory

claims "relate to" a contract and fall within the scope of a forum-selection clause, even if the complaint contains no explicit contract claims. *See id.* at 45 (holding that the plaintiffs' claims under consumer protection statues and for unjust enrichment "related to" the defendant's User Agreement without which plaintiffs could not have accessed the defendant's services and, "thus, would not have *any* cause of action against [defendant] without entering into the Agreement").

*Bagg* is particularly instructive. The *Bagg* plaintiffs brought claims against the defendants for violations of Massachusetts and Illinois consumer-protection statutes, as well as claims for unjust enrichment. Defendant sought to dismiss the complaint based on the forum-selection clause on its website. The provision stated: "You expressly consent to the exclusive forum, jurisdiction, and venue of the Courts of the State of Illinois in Cook County and the United States District Court for the Northern District of Illinois in any and all action, disputes, or controversies relating to this Agreement." *Id.* Nevertheless, plaintiffs argued that the clause did not apply to their claims, which purportedly were not contractual in nature. The *Bagg* court held that plaintiff's claims clearly "relate[d] to" the Agreement, even though they were pled as statutory and tort claims, because plaintiffs could not have accessed defendants' services without entering into the agreement.. *Id.* at 46. In addition, plaintiffs' claims alleged failure to disclose material terms, some of which were in the agreement. Finally, the *Bagg* court also held that plaintiffs' claim under the Illinois Automatic Contract Renewal Act existed solely because the parties had a valid contract. Accordingly, the forum-selection clause applied to plaintiffs' claims. *Id.* at 46-47.

Here, Plaintiff's claim clearly is within the scope of the Terms and Conditions, which govern and control Plaintiff's use of Simplilearn's platform. Simplilearn's forum-selection clause designates "Collins County, Texas" as the exclusive venue for "any matter relating to, in connection with, or arising out of, this Agreement." The FAC alleges one count for Violation of

the VPPA, 18 U.S.C. § 2710. Specifically, Plaintiff alleges that Simplilearn knowingly disclosed Plaintiff's PII") to third parties, including information about the alleged videos accessed and/or viewed by Plaintiff. In addition, the Terms and Conditions contain a provision entitled "Usage of Personal Information of Participants," under which Simplilearn reserves the right to feature users' pictures in promotional materials and use personal information to inform users about other training materials. Although Plaintiff's claim is statutory in nature, it centers on allegations that Simplilearn improperly disclosed his personal information to third parties through the use of Simplilearn's platform. Accordingly, the Terms and Conditions specifically "relate to" matters involving the handling and management of users' information.

Moreover, Simplilearn would not have any access to Plaintiff's information unless he agreed to its Terms and Conditions. In order to access Simplilearn's services, one must first create a Simplilearn account. (Exh. A, at ¶ 4.) The user's agreement to Simplilearn's Terms and Conditions is a prerequisite for creating an account through Simplilearn's App. (*Id.*) *See also Bagg*, 862 F. Supp. 2d at 45. For each and all of these reasons, Plaintiff's VPPA claim indisputably is within the scope of the Terms and Conditions, and must be litigated in the E.D. Texas.

**B. The Public Factors Weigh in Favor of Transferring this Class Action Case to the Eastern District of Texas.**

As previously stated, on a § 1404(a) motion to transfer, once the Court determines that the parties entered into a valid forum-selection clause, the court must transfer the action except in very limited and extraordinary circumstances. Those potential circumstances include "the administrative difficulties flowing from court congestion, the local interest in having localized controversies decided at home and the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine*, 571 U.S. at 62 n. 6. These factors will overcome a valid forum-selection clause "[o]nly under extraordinary circumstances." *Id.*, 571 U.S. at 62.

Here, no circumstances exist – extraordinary or otherwise – justifying the abandonment of the parties' forum-selection clause and denial of Simplilearn's motion to transfer. First, according to the most recent Statistical Tables for The Federal Judiciary, a greater number of civil cases are pending in the District of Massachusetts than in the Eastern District of Texas. Table C-1 – U.S. District Courts – Civil Statistical Tables for the Federal Judiciary (December 31, 2024), https://www.uscourts.gov/data-news/data-tables/2024/12/31/statistical-tables-federal-judiciary/c-1. Second, this is not a local controversy and there is no local interest. Neither Simplilearn nor any aspect of its business is based in Massachusetts. Moreover, Plaintiff has brought a Class Action Complaint against Simplilearn, which class purportedly may encompass Simplilearn users located across the country. (*See* FAC, Doc. No. 12, at ¶ 104.) Finally, Plaintiff's single claim is brought under a federal statute, and Simplilearn's Terms and Conditions "shall be governed by and construed in accordance with the Laws of Texas." Massachusetts law simply has no relationship to this case. Accordingly, there is no compelling reason that this Court should not transfer this case to the exclusive forum to which the parties clearly agreed.

## II. ALTERNATIVELY, IF THE COURT DOES NOT TRANSFER THIS ACTION, THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS FOR FAILURE TO STATE A PLAUSIBLE VPPA CLAIM UNDER FED. R. CIV. P. 12(b)(6).

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." *MIT Fed. Credit Union v. Cordisco*, 470 F. Supp. 3d 81, 84 (D. Mass. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). Testing the sufficiency of a plaintiff's allegations involves a two-step process. *See Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1 (1st Cir. 2011). "Step one: isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v.*

*Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). "Step two: take the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Id*. Although the Court draws all reasonable inferences in plaintiff's favor, it "need not accept every imaginable inference," *id*. at 57, and must dismiss a complaint where the facts are "so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'" *Peñalbert-Rosa v. Fortuño-Burset*, 631 F.3d 592, 595 (1st Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

To state a claim under the VPPA, a plaintiff must plead sufficient facts showing they are a "consumer" under the VPPA, and that a videotape service provider "knowingly" disclosed, to any person, his or her PII. 18 U.S.C. § 2710(b)(1). A "consumer" is "any renter, purchaser, or subscriber of goods or services from a video tape provider." *Id*. § 2710(a)(1). PII "includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." *Id*. at § 2710(a)(3).

**A. Plaintiff Fails to Plausibly Allege That He is a "Consumer" under the VPPA.**

Plaintiff fails to adequately and plausibly allege that he is a "consumer" under the VPPA, which defines "consumer" as "any renter, purchaser, or subscriber of goods or services from a video tape service provider." *See* 18 U.S.C. § 2710(a)(1). Plaintiff does not allege that he rented or purchased any videos from Simplilearn. Accordingly, the only way Plaintiff could fall within the protections of VPPA is as a "subscriber," but Plaintiff's allegations are deficient on that front.

"[A]n individual must do more than simply take advantage of a provided service — even if doing so alone allows a provider to access her information — in order to have acted as a 'subscriber' of the provider." *Austin-Spearman v. AMC Network Ent. LLC*, 98 F. Supp. 3d 662,

671 (S.D.N.Y. 2015). Significantly, Plaintiff does not allege that he provided something of value, such as money or qualifying information, in order to "view[] videos on the App." *See* FAC at ¶ 99. Although Plaintiff alleges that he "downloaded the Simplilearn App on his iPhone and created a Simplilearn account," the allegations are insufficient because he does plead any facts as to whether he actually divulged any of his information to Simplilearn, and if so, what kind of information he provided. *See* FAC at ¶ 98.

In an attempt to cure this deficiency from Plaintiff's initial defective pleading, Plaintiff's FAC tries now alleges that, when "a user first attempts to watch videos for a Simplilearn course," Simplilearn "requires users to provide their first name, last name, title, gender, date of birth, and time zone." *See* FAC at ¶ 19. However, Plaintiff's allegation is conclusory, and none of the footnotes in this new Paragraph 19 state, or even suggest, that a user is required to provide the alleged information in order to watch a video. In fact, Plaintiff fails to allege what information a user is required to provide to Simplilearn, as Plaintiff admits in alleging that, "[r]egardless of how a user chooses to create a Simplilearn account, they must at least provide their email address." *Id.* Such allegations are insufficient to establish that Plaintiff is a subscriber. *See Austin-Spearman v. AMC Network Ent. LLC*, 98 F. Supp. 3d 662, 671 (S.D.N.Y. 2015) ("[A]n individual must do more than simply take advantage of a provided service — even if doing so alone allows a provider to access her information — in order to have acted as a 'subscriber' of the provider").

Consider the analogous case of *Ellis v. Cartoon Network, Inc.*, 803 F.3d 1251 (11th Cir. 2015). The *Ellis* plaintiff, like plaintiff here, allegedly "watched video clips on [defendant's] app, which he downloaded onto his Android smartphone for free," but did not allege that he provided "any personal information to [defendant]" and "did not make any payments to [defendant] for use of the [defendant's] app." *Id.* at 1257. The Eleventh Circuit held that "downloading an app for

free and using it to view content at no cost is not enough to make a user of the app a 'subscriber' under the VPPA" because "such a user is free to delete the app without consequences whenever he likes, and never access its content again." *Id.* ("The downloading of an app … is the equivalent of adding a particular website to one's Internet browser as a favorite, allowing quicker access to the website's content."). *See also Perry v. Cable News Network, Inc.*, 854 F.3d 1336, 1343 (11th Cir. 2017) (holding that plaintiff who accessed video content on CNN's free mobile app using a subscription purchased from his cable provider was not a "consumer" because plaintiff did not provide any personal information to network, did not make any payments to network in using its application, and did not show any ongoing commitment or relationship with CNN).

In *Yershov v. Gannett Satellite Information Network, Inc.*, 820 F.3d 482, 489 (1st Cir. 2016), the First Circuit held that a plaintiff was a "subscriber" based on allegations that he provided his Android ID and GPS location to defendant, but those allegations are not present here. Specifically, the *Yershov* plaintiff was required to "exchange" his "Android ID and his mobile device's GPS location at the time he viewed a video" on the USA Today app. *Id.* at 488-89. The *Yershov* court recognized that the plaintiff alleged that access to the videos "was not free of a commitment to provide consideration in the form of that information." *Id*. at 489. The court further recognized that its holding was limited to the transaction described in the plaintiff's allegations, under which plaintiff provided his GPS location and device identifier. *Id*. Although Plaintiff has pled conclusory allegations regarding the disclosure of certain IDs and geolocation, Plaintiff provides *no factual allegations* that he provided this information in exchange for viewing the alleged videos.

Plaintiff, therefore, fails to allege the requisite in-kind provision of information in exchange for access to Simplilearn's videos. Plaintiff's VPPA claim must be dismissed on that ground alone.

### B. Plaintiff Fails to Allege That Simplilearn Disclosed PII in Violation of VPPA.

The VPPA imposes liability only on a videotape service provider "who knowingly discloses, to any person," a consumer's PII. *See* 18 U.S.C. § 2710(b)(1). Plaintiff, therefore, must allege that his PII was actually disclosed by Simplilearn. Plaintiff has failed to do so here.

PII is defined as "information which identifies a person as having requested or obtained *specific* video materials or services from a video tape service provider." 18 U.S.C. § 2710(a)(3) (emphasis added). Here, Plaintiff fails to allege that: (1) Simplilearn actually disclosed any information or data to a third party; (2) the allegedly disclosed information and/or data identifies him as requesting or obtaining "specific video materials;" and (3) Simplilearn collected and disclosed any such information "knowingly," as required by the VPPA.

First, Plaintiff fails to plead a single fact related to alleged "disclosure" by Simplilearn. Instead, Plaintiff discusses and cites to several alleged third-party webpages, and describes alleged software tools utilized by Simplilearn, concluding generically that Simplilearn "transmits" or "discloses" PII to Amplitude and WebEngage. *See* FAC, ¶¶ 28-32. However, bald allegations regarding alleged software capabilities do not (and cannot) sufficiently plead a plausible violation of the VPPA. While Plaintiff relies on various webpages to allege how Amplitude and WebEngage may connect disparate pieces of data, those allegations do not state or even suggest that Simplilearn *knowingly disclosed* PII connecting Plaintiff's identity to any alleged videos. Plaintiff's allegations regarding Amplitude's and WebEngage's API software, in sum, are wholly insufficient to establish an actionable VPPA claim against Simplilearn.

Second, Plaintiff does not allege any information that "identifies" him as requesting, obtaining, and/or viewing any specific videos. Instead, Plaintiff posits that Simplilearn discloses video information in the form of "course title" and "course ID." (FAC, ¶¶ 28-32.) However,

Plaintiff asserts *no factual allegations that Simplilearn disclosed the title of any video viewed by Plaintiff*. Plaintiff's own allegations, in fact, defeat such a claim. Plaintiff generically alleges that "video title" and "video ID" are disclosed to WebEngage (FAC ¶ 32), but *the images used by Plaintiff to support these allegations contradict his allegations*, in that those images do not show any "video title" or "video ID" whatsoever. FAC, at ¶ 32. Based on Plaintiff's own allegations, the disclosures do not include any video titles or video IDs, and course titles or course IDs do not (and cannot) suffice. To get around these deficiencies, Plaintiff merely rephrases his allegations that a user "watches" a course, or "viewed" course titles and course IDs, but those allegations do not substantively cure Plaintiff's failure to allege a disclosure of the title of any video by Simplilearn. Defeating his own allegations that Simplilearn disclosed specific video titles, Plaintiff has pled himself out of this Court, which should dismiss his VPPA claim, with prejudice.

### C. Plaintiff Fails to Allege That Simplilearn Knowingly Disclosed PII to a Third Party as Required by the VPPA.

In addition, Plaintiff fails to assert any allegations that Simplilearn "knowingly" disclosed Plaintiff's PII. Courts recognize that "'knowingly' means consciousness of transmitting the private information. It does not merely mean transmitting the code." *In re Hulu Priv. Litig.*, 86 F. Supp. 3d 1090, 1095 (N.D. Cal. 2015). Under the VPPA, a defendant must consciously transmit "1) a consumer's identity; 2) the identity of 'specific video materials;' and 3) the fact that the person identified 'requested or obtained' that material." *Id.* (quoting 18 U.S.C. § 2710(a)(3).) *See also Mollett v. Netflix, Inc.*, 2012 WL 3731542, at *4 (N.D. Cal. Aug. 17, 2012) (defendant did not knowingly violate VPPA by streaming video-watching history to devices that bystanders might view). Another court reached a similar conclusion in denying an injunction, and held that "the knowledge element . . . is intertwined with the definition of PII. If [defendant] did not think it was conveying PII, then there could be no knowledge of the conveyance," even if the defendant knew

how the third party might use the information. *Bernardino v. Barnes & Noble Booksellers, Inc.*, 2017 WL 3727230, at *9 (S.D.N.Y. Aug. 11, 2017).

Knowing disclosure is the crux of a VPPA claim because "[t]he point [of the statute] is to ban the disclosure of information connecting a certain user to certain videos." *In re Hulu*, 86 F. Supp. 3d at 1095. As discussed, although Plaintiff alleges that Amplitude and WebEngage may connect disparate pieces of data for certain alleged purposes, allegations related to the capabilities of their software state nothing about Simplilearn's intent to knowingly disclose PII to third parties, a required element under VPPA. For that reason as well, Plaintiff has failed to state a plausible and cognizable VPPA claim against Simplilearn, further necessitating dismissal.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Defendant, Simplilearn Americas, Inc., respectfully requests that this Honorable Court enter an order: (1) granting Simplilearn's motion under Section 1404(a) and transferring this civil action to the Northern District of Texas; or, alternatively, dismissing Plaintiff's claims under VPPA for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6); and (2) granting such further relief that this Honorable Court deems just and proper.

Respectfully submitted,

Simplilearn Americas, Inc.

/s/ *A. Neil Hartzell*
A. Neil Hartzell, BBO #544752
Freeman Mathis & Gray, LLP
60 State Street, 6th Floor
Boston, MA 02109
Telephone: 617-963-5966
Email: neil.hartzell@fmglaw.com

*Attorney for Simplilearn Americas, Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this day, May 27, 2025.

/s/ *A. Neil Hartzell*
A. Neil Hartzell