**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JUSTIN KORN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIMPLILEARN AMERICAS INC.,<br><br>Defendant. | Civil Action No.: 1:25-cv-10461-NMG<br><br>Hon. Nathaniel M. Gorton<br><br>**LEAVE TO FILE GRANTED ON JUNE 17, 2025** |

**DEFENDANT SIMPLILEARN AMERICAS INC.'S REPLY IN SUPPORT OF MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a), OR, ALTERNATIVELY, DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6)**

## I. THIS ACTION SHOULD BE TRANSFERRED TO THE JURISDICTION AGREED UPON BY THE PARTIES PURSUANT TO 28 U.S.C. § 1404(a).

### A. Plaintiff Cannot Avoid the Contractual Amendments Requiring Transfer of This Action to the Eastern District of Texas.

This action should be transferred to the Eastern District of Texas, regardless of when Plaintiff signed up for Simplilearn, because Simplilearn's Terms and Conditions require Plaintiff to bring any action in Collin County, Texas. Plaintiff erroneously argues that, around June 2023, when he allegedly signed up for a Simplilearn account, Simplilearn's Terms and Conditions provided for either New York or California as the required jurisdiction. However, Plaintiff ignores the subsequent provision in the June 2023 Terms and Conditions entitled, "Amendment and Assignment," which provides in pertinent part:

> [Simplilearn] reserve[s] the right to unilaterally amend or modify this Agreement without giving any prior notification to You. We shall however publish the revised agreement on the Website so that You are aware of the revisions, modifications and

> amendments made by Us to this Agreement. You acknowledge and agree that it is Your responsibility to check the Website periodically for any revisions, modifications, and amendments. Your continued use of or access to the Website, the Services, and the Content and Courseware following the posting of any changes to this Agreement shall constitute acceptance of those changes.

(*See* Response, Roberts Decl., Exh. 1.) Simplilearn's July 2023 Terms and Conditions include the exact same provision. (*See* Response, Roberts Decl., Exh. 2.)

Accordingly, Simplilearn had the right to amend the Terms and Conditions, including the forum-selection clause, and Plaintiff is bound by the terms of any such subsequent versions of the Terms and Conditions. Since Simplilearn amended the forum-selection provision to require that Collin County, Texas would be the mandatory forum, Plaintiff was bound to bring this action in Collin County, Texas. Plaintiff, therefore, has failed to support his burden of establishing that transfer to Texas is unwarranted. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013) ("[a]s the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted.").

**B. Plaintiff Clearly Had Notice of Simplilearn's Terms and Conditions, Despite Plaintiff's Arguments to the Contrary.**

Plaintiff fails to support his argument that Plaintiff lacked notice of Simplilearn's Terms and Conditions ("Terms"). Plaintiff's argument rests on the false premise that Simplilearn "did not submit the design and content of the screen on the App where users are ostensibly put on notice of the Terms and Conditions." (*See* Response, p. 8.) However, Plaintiff fails to present any rule or authority requiring such a submission. Plaintiff offers two allegedly "instructive" cases to support his argument, yet neither case is binding upon this Court or even persuasive.

In *Ajemain v. Yahoo!, Inc.,* 83 Mass. App. Ct. 565, 575 (2017), the Massachusetts state court found that the defendant's terms of service were not "reasonably communicated," because the defendant provided nothing of substance for the court to consider, and instead provided only a

conclusory statement that users "are given an opportunity to review the Terms of Service and Privacy Policy prior to submitting their registration data." *Id.* at 575. The court found that such a statement, "[s]tanding alone," "is not enough" to establish that the forum selection provision was reasonably communicated. *Id*. The court *did not* find that the defendant was required to "submit the design and content of the webpage," as Plaintiff falsely suggests. (*See* Response, p. 3.) Instead, the court explained that "the record" "need[ed] to *contain information* concerning the language that was used to notify users that the terms of their arrangement with Yahoo! could be found by following the link, how prominently displayed the link was, and any other information that would bear on the reasonableness of communicating the 2002 TOS via a link." *Id* (emphasis added).

By contrast, the record here contains such information, as Simplilearn detailed the procedure through which a user signs up for a Simplilearn account and agrees to its Terms and Conditions. (*See* Motion, p. 5) ("After clicking 'Sign Up,' the user is brought to another page, which permits the user to sign up using a variety of credentials (e.g., email, Google, Facebook). After the user chooses and verifies his credentials, he is directed to the 'Create your account' page. In order to finish this process and click the 'Create Account' button, the user must check a box stating: 'I agree to the Terms and Conditions.' This process is the same for Simplilearn's mobile application") (internal citations omitted).)

Plaintiff fares no better in relying on the Ninth Circuit's opinion in *Jackson v. Amazon*. The Ninth Circuit acknowledged that "a *description* of the email" would constitute "other evidence" that would "allow it to assess notice." 65 F.4th 1093, 1100 (9th Cir. 2023) (emphasis added) ("Amazon provided only a declaration with a vague statement that a notice of updated terms was sent via email."). In this case, Simplilearn detailed the step-by-step sign-up process, and described that a user must "check a box stating: I agree to the Terms and Conditions." (Motion, Exh. A, at

¶ 7. In addition, the language of "Terms and Conditions" is hyperlinked, underlined, and in blue font. (*See* Motion, p. 5.) This detailed description is sufficient, and establishes that Plaintiff had sufficient notice of Simplilearn's Terms and Conditions. *See Gaker v. Citizens Disability, LLC*, 654 F. Supp. 3d 66, 73 (D. Mass. 2023) (recognizing that "requiring users to click a box stating that they agree to a set of terms, often provided by hyperlink, before continuing to the next screen is a common method of conspicuously informing users of the existence and location of terms and conditions") (quotations omitted); *Covino v. Spirit Airlines*, Inc. 406 F. Supp. 3d 147, 152-53 (D. Mass. 2019) (enforcing agreement where users required to check box acknowledging agreement to terms and conditions in Spirit's contract of carriage).

It is clear that Plaintiff is attempting to create an additional requirement regarding notice that does not exist, and Plaintiff cites no governing authority supporting such a requirement. This Court should reject Plaintiff's argument and transfer this action.

## II. THE COURT SHOULD DISMISS PLAINTIFF'S VPPA CLAIMS FOR FAILURE TO STATE A PLAUSIBLE VPPA CLAIM UNDER FED. R. CIV. P. 12(b)(6).

Plaintiff cannot save its deficient pleading by attempting to equate his duty to allege disclosure of a "video" with his allegation that Simplilearn disclosed a "course." Those terms are not a "distinction without a difference," as Plaintiff alleges. (*See* Response, p. 23.) A "course" is distinct from a "video," in that a course may (often will) contain several videos, all with different titles and information that are disconnected with the course title or information.

The VPPA only encompasses the disclosure of specific "*video* materials or services." 18 U.S.C. § 2710(a)(3) (emphasis added). The VPPA further provides the type of video information that is prohibited from disclosure, which includes the "title, description, or subject matter of any video tapes or other audio-visual material." 18 U.S.C § 2710(b)(2)(D)(ii). Plaintiff, therefore, has failed to allege that Simplilearn disclosed the title of any video viewed by Plaintiff.

Plaintiff also fails to adequately allege that Simplilearn "knowingly" disclosed any video information. Instead, Plaintiff simply repeats his deficient allegations that the knowledge element is satisfied because the third-party software "was purposefully integrated into the App by Defendant," in order to "de-anonymize users and compile their information into profiles for marketing and advertising." (*See* Response, p. 24.) A videotape service provider violates the VPPA only when it "actually knew that it was disclosing: 1) a user's identity; 2) *the identity of the video material*; and 3) the connection between the two—i.e., that the given user had 'requested or obtained' the given video material." *In re Hulu Privacy Litig.*, 86 F. Supp. 3d 1090, 1095 (N.D. Cal. 2015) (emphasis added). Plaintiff's allegations fail to satisfy any of those elements.

Accordingly, for the reasons set forth in the Motion and herein, the Court should dismiss Plaintiff's claims under the VPPA for failure to state claims upon which relief can be granted pursuant to Rule 12(b)(6), if the Court does not transfer this civil action, which the Court should.

DATE: June 27, 2025

Respectfully submitted,

Simplilearn Americas, Inc.

/s/ *Hillard M. Sterling*

HILLARD M. STERLING
ROETZEL & ANDRESS
70 West Madison St., Ste, 3000
Chicago, Illinois 60602
(312) 962-8082
hsterling@ralaw.com
Admitted Pro Hac Vice

*Attorney for Simplilearn Americas, Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this day, June 27, 2025.

/s/ *Hillard M. Sterling*
Hillard M. Sterling