**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| Justin Korn, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   **Civil Action No.** |
| | )   **25-10461-NMG** |
| Simplilearn Americas Inc., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

**MEMORANDUM & ORDER**

GORTON, J.

Plaintiff Justin Korn ("plaintiff" or "Korn") brings this action against Simplilearn ("defendant" or "Simplilearn") individually and on behalf of a putative class consisting of

> all persons in the United States who viewed a pre-recorded video on [defendant's application ("app")] and had their [personally identifiable information ("PII")] transmitted to a third party.

Pending before this Court is a motion of defendant to transfer (Docket No. 15). Alternatively, Simplilearn moves to dismiss the amended complaint of plaintiff for failure to state a claim under the Video Privacy Protection Act of 1988 ("VPPA"), 18 U.S.C. §2710.

Because this Court finds that plaintiff was not given reasonable notice of the terms and conditions and therefore did not enter into an enforceable clickwrap agreement with

- 1 -

Simplilearn, the parties are not bound by the forum selection
clause contained within Simplilearn's terms and conditions.  The
motion to transfer will therefore be denied.

## I.   Background

In or about June, 2023, Korn downloaded Simplilearn's
mobile-phone application on his iPhone and created an account.
According to defendant, to create an account, a user must check
a box stating, "I agree to the Terms and Conditions," which, in
turn, specify that users must bring any actions in Collin
County, Texas.  The parties contest whether the referenced
"Terms and Conditions" text was hyperlinked to a webpage
containing their full text.

## II.  Motion to Transfer

### A. Legal Standard

Section 1404(a) of Title 28 of the United States Code
provides for the transfer of a civil action from one federal
judicial district to any other district or division it may have
been brought in if doing so would be in the interest of justice
and convenient for parties and witnesses.  The decision to
transfer a case pursuant to §1404 is left to the discretion of
the Court. Astro-Med, Inc. v. Nohon Kohden Am., Inc., 591 F.3d
1, 12 (1st Cir. 2009).  Trial courts consider motions to
transfer with "individualized, case-by-case consideration of
convenience and fairness," Stewart Org., Inc. v. Ricoh Corp.,

- 2 -

487 U.S. 22, 29 (1988), which includes considering factors such as

> 1) the plaintiff's choice of forum, 2) the relative
> convenience of the parties, 3) the convenience of the
> witnesses and location of documents, 4) any connection
> between the forum and the issues, 5) the law to be applied
> and 6) the state or public interests at stake.

First State Ins. Co. v. XTRA Corp., 583 F. Supp. 3d 313, 318 (D. Mass. 2022).

Although a plaintiff's choice of forum carries a presumption in its favor, the weight of that presumption "varies with the circumstances of the case." Brant Point Corp. v. Poetzsch, 671 F. Supp. 2d 288, 290 (D. Mass. 1987). One circumstance that negates the presumption is a valid forum-selection agreement between the parties, which are "given controlling weight in all but the most exceptional cases." Atl. Mar. Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex., 571 U.S. 49, 59-60 (2013) (quoting Stewart, 487 U.S. at 33 (Kennedy, J., concurring)). When a forum-selection clause's "binding nature is uncertain or disputed," however, many courts ignore them in deciding motions to transfer. See, e.g., Pax, Inc. v. Veolia Water N. Am. Operating Servs., Inc., 347 F. Supp. 2d 281, 284 & n.5 (W.D. Va. 2004); Auto-Wares, LLC v. Wisc. River Co-op Servs., 2010 WL 2508356, at *3 n.3 (W.D. Mich. June 17, 2010); U.S. ex rel. Tesar Indus. Contractors, Inc. v. Turner Const. Co., 2009 WL 3626696, at *6 (N.D. Ohio Oct. 29, 2009).

B. **Discussion**

   i. **Reasonable Notice Requirement**

Under Massachusetts law, reasonable notice of terms and conditions is evaluated under a totality-of-the-circumstances standard. Kauders v. Uber Techs., LLC, 159 N.E.3d 1033, 1049 (Mass. 2021); see also Emmanuel v. Handy Techs., Inc., 992 F.3d 1, 7-8 (1st Cir. 2021).  To satisfy that requirement

> the offeror must reasonably notify the user that there are
> terms to which the user will be bound and give the user the
> opportunity to review those terms.

Kauders, 159 N.E.3d at 1050.  That standard applies to forum selection clauses contained in online contracts. Cullinane v. Uber Techs., Inc., 893 F.3d 53, 61 (1st Cir. 2018) (quoting Ajemian v. Yahoo!, Inc., 987 N.E.2d 604, 612 (Mass. App. Ct. 2018)).

In assessing whether there was reasonable notice, courts consider the nature of the agreement, the scope of the terms and conditions and the interface used to communicate the terms and conditions. Kauders, 159 N.E.3d at 1049-50.  The interface is particularly relevant for internet transactions because the "specifics and subtleties of the design and content" affect a reasonable person's understanding of the agreement being negotiated. Id. at 1050 (citation omitted); see Good v. Uber Techs., Inc., 234 N.E.3d 262, 277 (2024) (noting that "where there is no face-to-face transaction between the contracting

parties, it is imperative that the interface convey to the user
that a contract is being presented").

Compared to signing a written contract, "reasonable users
of [the] Internet may not understand that they are entering into
a contractual relationship." Emmanuel, 992 F.3d at 8 (quoting
Kauders, 159 N.E.3d at 1049).  In the context of mobile-device
applications, such as the Simplilearn app that Korn used, this
is particularly true. Cf. Kauders, 159 N.E.3d at 1051 ("It is
also by no means obvious that signing up via an app for ride
services would be accompanied by the type of extensive terms and
conditions present here.").

Online, the opportunity to review is often presented via a
hyperlink to the terms and conditions, which are "commonly blue
and underlined." Cullinane, 893 F.3d at 63 (quoting CR Assocs.
L.P. v. Sparefoot, Inc., 2018 WL 988056, at *4 n.4 (D. Mass.
Feb. 20, 2018)).  Such an appearance helps ensure that a
reasonable user has notice of the option to click into the
hyperlink for a more detailed explanation. See id. at 63-64
(finding hyperlink presented in gray box with white text did not
provide reasonable notice).  In the absence of any hyperlink,
terms and conditions found on a separate webpage are not obvious
or noticeable. Zajac, LLC v. Walker Indus., 2016 WL 3962830, at
*5 (D. Me. July 21, 2016) ("While browsewrap agreements may be
enforced against users based on constructive notice of their

terms, the terms must be made conspicuous by features of the website that interpose the terms (or at a minimum, a visually distinctive link to the terms) into the experience of the user in accessing and utilizing the website." (emphasis added)).

### ii. **Application of Reasonable Notice Standard**

Simplilearn fails to show that the sign-up page's interface included a hyperlink to the terms and conditions or that the "design and content of the relevant interface" provided reasonable notice. See Kauders, 159 N.E.3d at 1049-50. Simplilearn claims that "[t]he words 'Terms and Conditions,' indeed, are hyperlinked, underlined, and in blue" but the supporting declaration from its CEO does not attest to that fact.  Instead, the CEO declares that

> the user must check a box stating: "I agree to the Terms and Conditions," [without reference to the words being] hyperlinked, underlined, and in blue.

Without a hyperlink, the box-clicking requirement is insufficient to bind any user to the forum-selection clause because box clicking demonstrates an online user's manifestation of assent rather than reasonable notice. See Good, 234 N.E.3d at 287.  Here, even if a reasonable Simplilearn user checked the box, the user may not have realized that signing up for an online career-learning app was intended to establish a contractual relationship with a forum-selection clause. See Kauders, 159 N.E.3d at 1051.

Further, both Simplilearn's memorandum and its CEO's declaration are written in present tense and make no claim that the sign-up process was identical in or about June, 2023, when Korn opened his account.  Without such information, Simplilearn has failed to show that the forum-selection clause was binding on the plaintiff when he signed up for Simplilearn. See Pax, 347 F. Supp. 2d at 284 (denying motion to transfer when record did not have sufficient facts to determine whether forum-selection clause was binding).  Thus, this Court declines to give the forum-selection clause controlling weight at this stage. See Atl. Mar. Const., 571 U.S. at 59-60.

In sum, Simplilearn has not proffered sufficient evidence that users had reasonable notice of the Terms and Conditions at the time they created their accounts.  Without such reasonable notice, users are not bound by the contract, regardless of whether they manifested assent by checking the box during the sign-up process.[1]  Because Simplilearn has failed to show that a valid and binding forum selection clause mandates transfer, the presumption in favor of plaintiff's choice of forum in the District of Massachusetts prevails. See Brant Point, 671 F. Supp. 2d at 5. In consideration of that presumption and the

---

[1] Because this Court finds the forum-selection clause does not bind Korn, it declines to consider whether transfer to Texas, California or New York would be proper.

other factors relevant to the §1404 transfer analysis, Simplilearn's motion to transfer will be denied.

III. **Motion to Dismiss for Failure to State a Claim**

    A. **Legal Standard**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

    B. **Discussion**

Simplilearn argues three separate bases under which Korn has failed to state an actionable claim for relief. It contends: 1) Korn is not a "consumer" as defined under the VPPA, 2) Korn has not alleged that it disclosed PII in violation of the VPPA and 3) even if Simplilearn did disclose PII, Korn has not alleged that it did so knowingly. This Court discusses each argument in turn.

i. **Meaning of "Consumer" under the VPPA**

Under the VPPA, a consumer may be a "subscriber of goods or services from a video tape services provider." 18 U.S.C. §2710(a)(1). Defendant contends that plaintiff does not qualify as a "consumer" because he does not allege that he "provided something of value, such as money or qualifying information," in exchange for access to videos on the app. Defendant suggests that plaintiff must allege that he provided such consideration based on First Circuit precedent, citing Yershov v. Gannett Satellite Info. Network, Inc. 820 F.3d 482, 488 (1st Cir. 2016).[2]

The holding in Yershov does not, however, go so far. Although the court found in that case that plaintiff used a mobile app that gave defendant certain PII "in return for access to Gannett's video content," the complaint and the court's earlier description of the transaction make it clear that plaintiff did not purposefully provide PII as consideration for access to defendant's videos. Indeed, in Yershov, the court noted that "the App does not seek or obtain the user's consent to disclose anything about the user to third parties." Id. at 484. Nevertheless, the App would transmit PII to third parties each time a user viewed a video clip. The First Circuit ostensibly viewed such a configuration as quid pro quo but

---

[2] The Court in Yershov declined to follow the reasoning of Ellis v. Cartoon Network, Inc., 803 F.3d 1251 (11th Cir. 2015), which defendant invokes as an "analogous case."

plaintiff itself never deliberately provided the PII in exchange for content and the court did not hold that such a finding is necessary to qualify as a consumer under the VPPA.

Just as in Yershov, users of Simplilearn's app did not explicitly give the company consent to disclose their PII to third parties in exchange for access to video content and, contrary to defendant's contention, plaintiff did not need to make such an allegation to qualify as a consumer under the VPPA. Plaintiff claims that when he viewed a video on the app, Simplilearn shared his GPS location and email address, among other information, and that is sufficient under First Circuit precedent.

### ii. **Knowing Disclosure of PII**

Simplilearn asserts that Korn does not sufficiently plead that it disclosed PII because the complaint does not allege 1) any disclosure of information to a third party, 2) that the disclosure related to "specific video materials" that Korn requested or obtained or 3) that Simplilearn knowingly collected or obtained the information.

First, Korn specifically and sufficiently pled that Simplilearn disclosed identifying information to third parties Amplitude and WebEngage.  Contrary to defendants' assertion that plaintiff merely alleges that the third parties' software "may connect disparate pieces of data," the complaint states that an

- 10 -

ordinary person could identify a user based upon the disclosed information.  Korn supports his assertion with a review conducted by a private research company.  Such allegations have been sufficient in VPPA litigation in this district, see, e.g., Saunders v. Hearst Television, Inc., 711 F. Supp. 3d 24, 30 (D. Mass. 2024), and are sufficient here.

Second, the Court is unpersuaded that plaintiff's failure to allege the actual title of a specific video is fatal to his claim.  The statutory text requires disclosure of "specific video materials or services." 18 U.S.C. §2710(a)(3).  Here, plaintiff alleges that each course

> is a formulated standalone offering that contains its own
> distinct video modules [and that] disclosure of the course
> title also discloses precisely what videos were requested
> and obtained.

Such information comfortably qualifies as "specific video materials or services." See Haines v. Cengage Learning, Inc., 2025 WL 2336089, at *7 (S.D. Ohio May 5, 2025) (finding disclosure of course title was sufficient under VPPA and collecting cases).

Finally, defendants contend that Korn has failed to allege that Simplilearn knowingly disclosed PII to a third party.  This Court disagrees.  Plaintiff has pled that defendant purposefully integrated third-party software into its app for the purpose of de-anonymizing users and compiling their information, including

the user's selected course and associated videos, into profiles for marketing and advertising. That is enough scienter for this Court.

### ORDER

For the foregoing reasons, the Motion to Transfer and Motion to Dismiss (**Docket No. 15**) are DENIED.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: February 19, 2026